# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ROWE,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL COPENHAVER,<br><br>    Respondent. | Case No. 1:13-cv-00219 GSA HC<br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST<br>[ECF NO. 19]<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have voluntarily consented to the exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) for all purposes, including entry of final judgment.

Petitioner is currently in the custody of the Bureau of Prisons ("BOP") pursuant to a judgment of the United States District Court for the Eastern District of Pennsylvania entered on July 12, 2007, following his convictions for conspiracy to interfere with interstate commerce by threat or violence, interference with interstate commerce by threat or violence and aiding and abetting, and using a firearm during a crime of violence and aiding and abetting. (Resp't's Mot. to Dismiss, Ex. 1, Kelly Decl., at ¶ 3.) Petitioner was sentenced to serve a term of 135 months in

1  federal prison. (Id.)

2  On February 5, 2013, Petitioner filed the instant federal petition for writ of habeas corpus
3  in this Court. The petition challenges the method in which the BOP has calculated Petitioner's
4  federal sentence. Specifically, Petitioner claims that the BOP has unlawfully denied him credit
5  against his sentence for time spent in custody during pre-trial and post-sentence. Petitioner
6  complains that the BOP failed to credit his federal sentence with time that wasn't credited toward
7  his state sentence. He claims he should be granted credit from April 16, 2006, to July 12, 2007,
8  and from August 21, 2009 to October 15, 2009.

9  On August 12, 2013, Respondent filed a motion to dismiss the petition.

10  On September 16, 2013, Petitioner filed an opposition to Respondent's motion.

11  **DISCUSSION**

12  I. Jurisdiction

13  Writ of habeas corpus relief extends to a person in custody under the authority of the
14  United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the
15  validity or constitutionality of his conviction must bring a petition for writ of habeas corpus
16  pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that
17  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
18  See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135
19  F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir.
20  1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). To receive relief under 28
21  U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an
22  illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372,
23  374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal
24  custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community
25  treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining
26  whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677
27  (challenging content of inaccurate pre-sentence report used to deny parole).

28  In this case, Petitioner challenges the execution of his sentence. Therefore, the Court has

jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

## II.  Venue

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677. Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California, which is located within the jurisdiction of this Court.  28 U.S.C. §§ 2254(a); 2241(d). Therefore, venue is proper in this Court.

## III.  Exhaustion

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984).  It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court.  See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982).  However, the exhaustion requirement was judicially created; it is not a statutory requirement.  Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252 (9th Cir.1978).  Because exhaustion is not required by statute, it is not jurisdictional.  Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987); Montgomery, 572 F.2d at 252.  "Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court."  Brown, 895 F.2d at 535.

The Bureau of Prisons has established an administrative remedy procedure governing prisoner complaints. The procedure is set forth at 28 C.F.R. §§ 542.10 et seq.  First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a Request for Administrative Remedy.  28 C.F.R. § 542.13.  If dissatisfied with the response, the prisoner may proceed with the formal filing of an Administrative Remedy Request.  28 C.F.R. § 542.14. Upon denial by the warden of the institution, the prisoner may appeal the decision by filing a complaint with the Regional Director of the Bureau of Prisons.  28 C.F.R. § 542.15.  The

Regional Director's decision may be appealed to the General Counsel in Washington, D.C. Id. Appeal to the General Counsel is the final step in the administrative remedy process. Id.

In this case, Respondent contends that Petitioner has failed to exhaust his administrative remedies. From Respondent's exhibits and attachments, it appears that Petitioner presented his claims to the final level, but it was rejected for failure to attach the decisions below. (Resp't's Mot. to Dismiss, Ex. 1, Kelly Decl., at ¶ 9.) Petitioner was advised to resubmit the appeal within fifteen days, but he failed to do so. Therefore, it appears Respondent is correct that the claims are unexhausted. Nevertheless, exhaustion may be excused. In this case, it would be futile for Petitioner to resubmit his appeal; the appeal would surely be denied since it is clear there is no merit to Petitioner's claims. Thus, the Court will address Petitioner's claims.

IV. Background[1]

On March 4, 2002, Petitioner was sentenced in the Court of Common Pleas of Pennsylvania, to a 4-to-10 year state term of imprisonment, for convictions of aggravated assault, carrying a firearm without a license and resisting arrest. He was released on parole on November 30, 2004, and was to remain on parole until the original maximum date of January 8, 2010. On April 16, 2006, Petitioner was arrested by state authorities on charges of driving under the influence and possession of cocaine. He was sentenced on October 19, 2007, to a 6-month term of probation. The arrest also resulted in a technical parole violation. As a result of the parole violation, Petitioner was ordered to serve 12 months of backtime for being in an unauthorized area. A second technical violation was also pending.

Petitioner was returned to the Pennsylvania Department of Corrections ("PDOC") to be heard on the second violation. It was determined that Petitioner was returned to custody on October 19, 2007. At that point, Petitioner owed 1,865 days against the 4-to-10 year term imposed on March 4, 2002. After giving Petitioner credit for the 551 days he had spent in state custody from April 16, 2006, through October 19, 2007, reducing credit by 73 days for forfeited prior parole liberty, and granting Petitioner credit of 30 days for confinement time, the PDOC

---

[1] The factual background is derived from the Kelly Declaration and exhibits attached to Respondent's motion to dismiss.

4

calculated Petitioner was to serve a 1,357 day period of back-time on his 4-to-10 year sentence. He was released from state custody and turned over to federal authorities on August 21, 2009.

On two occasions, Petitioner was borrowed from state custody by federal authorities. On November 27, 2006, he was borrowed from Lackawanna County Prison and returned the same day. On November 30, 2006, he was again borrowed and then held at the Federal Detention Center in Philadelphia, Pennsylvania. On July 12, 2007, the federal court sentenced Petitioner to an aggregate term of 135 months. On July 30, 2007, he was transferred to the Perry County Jail, and on August 10, 2007, he was returned to the Lackawanna County Prison. As noted above, all of the time Petitioner was borrowed by federal authorities was credited against his state sentence.

The State turned Petitioner over to federal authorities on August 21, 2009, following completion of his state prison sentence. The BOP computed Petitioner's federal term of imprisonment as commencing on August 21, 2009. Because the State had credited the time he was borrowed by federal authorities against his state sentence, Petitioner was given no prior custody credit.

V.  Review of Claims

  A. Commencement of Federal Sentence

The authority to compute a federal prisoner's sentence is delegated to the Attorney General who exercises it through the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 334-35 (1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir.1998), *cert. denied*, 525 U.S. 1091 (1999); 18 U.S.C. § 3621(a).

18 U.S.C. § 3585 provides:

> (a) Commencement of sentence. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

In this case, after Petitioner was sentenced on July 12, 2007, he was returned to state custody to continue serving his state sentence. Petitioner was not taken into federal custody to begin serving his federal sentence until August 21, 2009, when he was paroled from his state sentence. Pursuant to § 3585(a), the BOP properly determined the commencement of

Petitioner's federal sentence to be August 21, 2009.  In addition, Respondent correctly argues that the sentence commencement date cannot precede the date of sentencing insofar as § 3585(a) does not permit it.

### B.  Prior Custody Credit

Petitioner contends he did not receive credit towards his sentence from the state arrest on April 16, 2006, until his federal sentencing on July 12, 2007.  He claims this time period should be credited against his federal sentence.

18 U.S.C. § 3585(b) states:

> Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

(Emphasis added.)

Here, Petitioner's state incarceration was the result of a charge for which he was arrested prior to the commission of his federal offense.  In addition, the time period was already credited against his state sentence. (Resp't's Mot. to Dismiss, Ex. 1, Attach. 7.)  Crediting Petitioner's federal sentence with the time he was on loan from the State would be granting him double credit, which is not permissible under § 3585(b).  Accordingly, the BOP's computation of Petitioner's federal sentence was proper.

### C.  Post-Sentence Credit

Petitioner also complains that he is entitled to receive credit from August 21, 2009, to October 15, 2009, insofar as he was paroled from his state sentence and turned over to federal authorities on August 21, 2009.  He argues, incorrectly, that he has not been given credit for this time period.  The sentence computation records submitted by Respondent show that the BOP correctly calculated the commencement of Petitioner's sentence to be August 21, 2009.  He has been in service of his sentence since then and therefore receiving credit for all the time spent in

custody from that date to the present. (Resp't's Mot. to Dismiss, Ex. 1, Attach. 1.)  His argument is therefore with meritless.

In sum, the BOP correctly determined the commencement date of Petitioner's federal sentence and awarded him the proper amount of credits.  The claims must be denied.  Insofar as Respondent moved to dismiss for failure to exhaust, the motion is denied as exhaustion would be futile.  Insofar as Respondent argues in the alternative that the petition be denied on the merits, the Court will so order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's Motion to Dismiss for failure to exhaust is DENIED;

2) The petition for writ of habeas corpus is DENIED WITH PREJUDICE;

3) The Clerk of Court is DIRECTED to enter judgment for Respondent and terminate the instant action;

4) Insofar as the instant petition is filed pursuant to § 2241 petition and challenges the execution of Petitioner's federal sentence, a certificate of appealability is not required. Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir.1997).

IT IS SO ORDERED.

Dated:   **October 24, 2013**              /s/ Gary S. Austin
                                              UNITED STATES MAGISTRATE JUDGE